Paterson, J.
(dissenting.) — As to the third exception, which embraces the main point in the cause, my opinion differs from the opinion of the majority of the court, and accords with the direction given by the court below. The condition of the bond is, “ that Simms do well and truly keep himself within the prison-rules, and thence not to depart until he shall be discharged by due course of law, or pay the sum of $1285.45 to George g. IQ-. Slacum, *assignee,” &c. The act that will not exonerate the princiJ pal, will not exonerate the surety from the obligation which they *185 have entered into ; for the surety stands on the same floor as the principal, and assumes the like character of responsibility, in regard to the terms specified in the condition of the bond. The benefit of the act of insolvency, if obtained by fraud or perjury on the part of Simms, will be unavailing, and his going beyond the limits of the prison, in consequence or under color of a discharge, thus procured, will be an invalid and unwarrantable departure. Fraud infects the decision ; and the legal principle is, that the fraudulent person shall not be suffered to protect himself by his own fraudulent act. If he should, then a judgment, which is laid in fraud, will, as in the present case, operate to the extinction of a legal, pre-existing obligation or contract. But a discharge, fraudulently obtained, is of no virtue ; of no operation ; and is, in truth and in law, no discharge ; it has neither legal effect, nor even legal existence as to the party himself, and the surety who stands in his shoes. If the judgment be of no avail as to the principal, it will be of no avail as to the surety ; it cannot be ineffectual as to the one, and operative as to the other. The discharge must be legal, to be valid, and to exonerate the surety from the special condition of the bond. The judgment itself is a fraud on the law ; and I can discern no difference between : the debtor’s going beyond the prison-bounds voluntarily, or under color of a judgment so obtained ; except that the latter is a case of deeper die, and less excusable in a legal and moral view than the former.[1]
Although Simms is liable to be imprisoned by virtue of a new process, yet he may have gone out of the jurisdiction of the court; or, if not, Slacum will be deprived of the benefit of the bond which Simms and Wise executed.
The sheriff stands on different ground; for he is exonerated from all liability, by an express provision in the statute. Besides, if the justices have jurisdiction of the subject, and should not exceed their jurisdiction, it is not incumbent on the sheriff, to examine into the regularity, fairness and validity of their proceedings and judgment; he looks at the instrument of discharge, which, emanating *from a competent authority, it is his duty to obey. But though the discharge may excuse the sheriff, as an officer of the court, it will not excuse the party, nor his surety. As to them, it is inoperative and of no legal efficacy.

 See the remarks of Judge Iredell, in Maxfield v. Levy, 4 Dall. 335.